|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **EASTERN DISTRICT OF CALIFORNIA** | |

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 1:14-CR-0070 AWI BAM** |
| **Plaintiff** | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVIXED RELEASE** |
| **TIMOTHY EARL WILSON,** | |
| **Defendant** | (Doc. No. 45) |

On August 2, 2019, Defendant Timothy Wilson ("Wilson") filed a motion for early termination of supervised release. See Doc. No. 45. Through counsel, Wilson represents that he has successfully completed 22 months of supervised release, had one random urinalysis test positive for marijuana, has maintained employment in the restaurant industry as a server/maitre'd, is currently employed at two restaurants (one of which has been in existence for over 40 years, but that job has been temporarily place on hold until probation is terminated), he resides with his girlfriend of 12 years, and he helps support his daughter through payment of utilities and other household bills. Wilson explains that he has spent thirty years in the food service industry, has never held an occupation in any other field, is talented in what he does and makes a good living through salary and especially tips. However, Wilson states that his new probation officer has advised that he should quit his current job at a restaurant because he may be called upon to serve alcohol. The terms of his supervision prohibit Wilson from frequenting places where alcohol is the chief item of sale. Wilson's prior probation officer did not object to Wilson working at his current restaurant or the prior restaurants. Wilson requests termination of supervised release so that he may maintain his current employment.

Wilson pled guilty to aiming a laser pointer at an aircraft in violation of 18 U.S.C. § 39A. Wilson was sentenced to 21 months in custody (which was agreed to by both Wilson and the United States) and a period of 36 months of supervised release. See Doc. Nos. 18, 19, 40, 41. Wilson states that his term of supervised release will expire in September 2020. See Doc. No. 45.

On August 5, 2019, the Court ordered the United States to file a response to Wilson's motion. See Doc. No. 45. The order also directed that the Probation Office be served. See id. On August 21, 2019, the United States responded that, in the absence of evidence of non-compliance with the terms of supervised release, it has no objection to early termination. See Doc. No. 47.

18 U.S.C. § 3583 *inter alia* permits a court to terminate a term of supervised release, after considering various factors in 18 U.S.C. § 3553,[1] if a defendant has performed at least one year of supervised release and if the Court is satisfied that a termination is warranted by the conduct of the defendant and in the interests of justice. See 18 U.S.C. § 3583(e)(1).

Here, the Court finds that it is appropriate to terminate Wilson's supervised release early. Wilson has served his term of custody and approximately two-thirds of his term of supervised release. Wilson appears to have done well on supervised release, and he has maintained a job while on supervised release. Wilson's motivation for seeking early termination is to be able to maintain employment within the food service industry in general and at an established restaurant in particular. Prior to his imprisonment, Wilson performed well on pre-trial release, completed a drug rehabilitation program, and indicated that he will not engage in similar conduct with a laser a pointer. Wilson states that he has been sober for five years. No restitution is involved, and critically, the United States does not oppose early termination. Given these considerations, and especially the non-opposition of the United States, the Court will grant Wilson's motion. See id.[2]

---

[1] The factors to be considered in 18 U.S.C. § 3553 are: (1) the nature and circumstances of the offense and the nature and characteristics of the defendant, see § 3553(a)(1); (2) the need for the sentence imposed to provide adequate deterrence, see § 3553(a)(2)(B); (3) the need for the sentence imposed to protect the public from further crimes by the defendant, see § 3553(a)(2)(C); (4) the need for the sentence to provide the defendant with needed educational, vocational, medical, or other correctional treatment or aide, see § 3553(a)(2)(D); (5) the kind of sentence and the sentencing range established for the applicable category of offense in the sentencing guidelines, see § 3553(a)(4); (6) any pertinent policy statement issued by the Sentencing Commission, see § 3553(a)(5); (7) the need to avoid unwarranted sentence disparities, see § 3553(a)(6); and (8) the need to provide restitution to any victims, see § 3553(a)(7).

[2] 18 U.S.C. § 3583(e)(1) also requires the Court to follow the Federal Rules of Criminal Procedure regarding modifications of probation. See 18 U.S.C. § 3583(e)(1). Rule of Criminal Procedure 32.1 deals with revoking or modifying probation or supervised release. For a modification, Rule 32.1 requires the Court to hold a hearing before modifying conditions, unless *inter alia* the relief sought is favorable to the defendant and does not extend supervised release or probation, or the government attorney does not object. See Fed. R. Crim. P. 32.1(c)(2)(B), (C). Because the relief is favorable to Wilson and the United States agrees that his term of supervised release should be terminated early, there is no need for a hearing. See id.

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for modification of conditions of supervised release (Doc. No. 45) is GRANTED;
2. Pursuant to 18 U.S.C. § 3583(e)(1), Defendant Timothy Earl Wilson's term of supervised release is TERMINATED immediately; and
3. The Clerk shall serve a copy of this order on the United States Probation Office for the Eastern District of California.

IT IS SO ORDERED.

Dated: August 23, 2019

SENIOR DISTRICT JUDGE